[Crim. No. 8475.   Second Dist., Div. Two.   Jan. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JESUS ALVAREZ, Defendant and Appellant.

Jesus Alvarez, in pro. per., and Arthur Wasserman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant Jesus Alvarez appeals from the judgment of conviction which was rendered against him after a nonjury trial upon an indictment charging the sale of heroin in violation of section 11501 of the Health and

Safety Code. The sole assignment of error presented for our consideration is the assertion that prejudicial error was committed when the prosecution was allowed to introduce evidence in rebuttal which should have been introduced as part of its case in chief. Appellant necessarily concedes that "there was evidence which, if believed, was sufficient to support the judgment."

In summary, the evidence presented in the prosecution's case in chief consisted of the testimony of a Los Angeles Police Officer, David Peters, that on November 30, 1961, said officer and an informer purchased from appellant approximately one-half an ounce of heroin. The sale was made in a parking lot in the City of Los Angeles while appellant was seated in a Buick automobile. The officer testified that he believed he recalled seeing a driver in the car with appellant but was not positive for the reason that he "was paying particular attention to [appellant] and not to anybody else." The officer made notes concerning the transaction immediately afterward, and, while he did not know appellant's true name at the time of the sale, he had seen him both before and after the sale and was able to identify him from his picture in a "mug book." At the close of the officer's testimony the People rested. The informer was present and, at the court's direction, he arose for identification during the officer's testimony, but he was not called to the stand.

Appellant then took the stand and presented a defense, the essence of which was a claim of mistaken identity. He admitted that he knew the informant, but denied that he had ever seen the officer before and denied making the sale of heroin as alleged. He stated that he had just gotten out of jail on the date in question, that he was broke and that he was living with a friend. He denied that any of his friends owned a Buick automobile at that time. He admitted two prior burglary convictions and one prior conviction of the sale of heroin. (The two prior burglary convictions were charged against him in the indictment and were found to be true. The conviction of the sale of heroin was not charged since it occurred after the indictment was filed.)

Upon the conclusion of appellant's testimony, the defense rested. The prosecution then called the informant to testify in rebuttal. *No objection of any sort was made to this procedure either before, during or after the giving of the informant's testimony.* The testimony of this witness was sub-

stantially cumulative of the officer's testimony, but it furnished appropriate rebuttal as against appellant's defense of mistaken identity. Upon cross-examination, the informant was able to supply the name of the other party who was in the car at the time of the sale.

The defense then sought and was granted a continuance in order to produce this party as a witness. Upon the resumption of the trial, this witness at first declined to testify, but, after a second continuance, he gave testimony favorable to the defense to the extent that he denied that such a sale as that charged had occurred. However, he did admit that appellant had stayed with him for several days and that he owned a 1953 Buick automobile. He testified that appellant was with him on December 5, 1961, rather than on November 30, 1961, the date of the alleged sale.

It is clear that no error occurred in these proceedings. While the testimony of the informant could have been presented as a part of the prosecution's case in chief, there was no compelling reason requiring that it be so presented. At that time it was unknown what line appellant's defense would take, or indeed, whether or not he would testify. Admittedly, the testimony of the officer, if not challenged, was ample to support a conviction. When it became apparent that the defense was asserting the issue of mistaken identity based upon the fact that the officer was engaged in many narcotics cases and had not previously known appellant, it was entirely reasonable and proper to call a witness concededly well acquainted with him to corroborate the officer's identification and to rebut appellant's testimony.

Appellant's reliance on *People* v. *Carter*, 48 Cal.2d 737 [312 P.2d 665] is misplaced. The court there made it clear that the purposes of the restrictive language of section 1093 of the Penal Code[1] are to assure an orderly presentation of evidence so that the trier of fact will not be confused; to prevent a party from unduly magnifying certain evidence by dramatically introducing it late in the trial; and to avoid any unfair surprise that may result when a party who thinks

[1]The pertinent subsections of section 1093 of the Penal Code provide as follows: ". . . 2. The district attorney, or other counsel for the people, must open the cause and offer the evidence in support of the charge. 3. The defendant or his counsel may then open the defense, and offer his evidence in support thereof. 4. The parties may then respectively offer rebutting testimony only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case."

he has met his opponent's case is suddenly confronted at the end of trial with an additional piece of crucial evidence.

Clearly, none of these considerations was present in this nonjury case. Since the presence of the identified informant at the scene was disclosed during the course of the officer's testimony, and since appellant knew that he was in the courtroom at that time, the corroborative testimony presented in rebuttal was neither new nor surprising. ▪ Further, as our Supreme Court pointed out in the *Carter* case (p. 754), a reversal would not be justified by reason of any incorrect order of proof where no objection thereto was interposed in the trial court. Here, no objection whatsoever was made regarding the order of proof.

▪ Finally, as we have noted, when the question as to the identity of the other occupant of the car was developed, a continuance was granted at appellant's request. Even if this were a case where appellant could reasonably claim that he was surprised by the rebuttal testimony, any claim of prejudice was obviated by the granting of his request for additional time. (*People* v. *Wein,* 50 Cal.2d 383, 407 [326 P.2d 457].) We find no error in the proceedings below.

The judgment is affirmed.

Fox, P. J., concurred.

A petition for a rehearing was denied February 25, 1963, and appellant's petition for a hearing by the Supreme Court was denied March 27, 1963.